# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RUSSELL DAVIS,** ) | **CASE NO. 1: 17 CV 977** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Russell Davis has filed this action seeking a Writ of *Habeas Corpus* pursuant to 28 U.S.C. §2241. He asserts he was indicted by the federal government while he was serving parole in a state felony case, and that he is currently in pre-trial detention pending trial on the federal charges. In his Petition, he asserts that the Ohio State Parole Board violated his right to Due Process by lodging a detainer against him for violating his parole in the state felony case without affording him any sort of hearing. He asks that the Court "set aside, void or cancel the detainer and warrant lodged against him by the Ohio Board of Probation and Parole and the State of Ohio."

District courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to petitions under Section 2241 pursuant to Rule 1(b)). *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face.").

The Petition must be dismissed.

While Due Process requires that a person accused of violating parole receive a revocation hearing within a reasonable time after being taken into custody, *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Due Process right of an alleged parole violator to a hearing does not exist until the alleged violator is in custody of the entity seeking the revocation. Due Process is triggered only when the parolee is taken into custody for the parole violation, rather than when the warrant or detainer is lodged. *See Moody v. Daggett*, 429 U.S. 78, 86-87 (1976); *Cotten v. Davis*, 215 F. App'x 464 (6th Cir. Fed. 8, 2007). Since Petitioner does not allege he has been taken into custody pursuant to the parole violation warrant, he has no Due Process right to a hearing.

## Conclusion

Accordingly, the pending Petition for a Writ of *Habeas Corpus* is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 6, 2017